IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | |
|---|---|
| IN RE:  ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION<br>_____<br>**This Document Relates To:**<br>*Maxine Shull v. Ethicon, Inc., et al.*<br>Case No. 2:12-cv-02296 | Master File No. 2:12-MD-02327<br>MDL No. 2327<br><br>Joseph R. Goodwin<br>U.S. District Judge |

**PLAINTIFFS' MOTION TO RECONSIDER ORDER GRANTING DEFENDANTS' MOTION TO EXCUSE DEFENDANTS' FAILURE TO TIMELY DISCLOSE EXPERTS AND TO EXTEND EXPERT DEADLINES**

I. INTRODUCTION

Plaintiffs file this Motion seeking Reconsideration of the Court's grant of Defendants Ethicon, Inc. and Johnson & Johnson's (hereinafter "Ethicon") Motion to Extend the Expert Disclosure Deadline in the instant case. *See* Dkt. Nos. 35, 45. After initially denying Ethicon's Motion for Extension (Dkt. No. 41), the Court vacated that Order and granted Ethicon's Motion, even though the Motion was legally infirm. *See* Dkt. No. 45. Despite moving for the extension long after the deadline had passed, Ethicon moved solely under Rule 16(b)(4) which is to be used when the movant seeks the extension before the deadline has passed. As this Court noted in denying a similar motion, after a deadline has passed, a motion to extend falls "within the ambit of Rule 6(1)(B)" and "a party **must show** he or she 'failed to act because of excusable neglect.'" *In re Ethicon*, 2016 WL 2643294, *1 (S.D. W. Va. May 6, 2016) (emphasis added). Here, not only did Ethicon incorrectly move under Rule 16(b)(4) but failed to provide evidence of "good cause" or "excusable neglect." Not only did it not show "excusable neglect," the Motion doesn't even allege it. The Motion also lacked any evidentiary support as no affidavit, declaration or documents were attached. Simply put, Ethicon's Motion for Extension of Expert Deadlines did not meet the requirements for it to be granted. Granting Defendants' Motion was clear error causing manifest injustice necessitating Plaintiff's Motion for Reconsideration be granted. *See U.S. Tobacco Coop. Inc. v. Big South Wholesale of Va., LLC*, 899 F.3d 236, 257 (4th Cir. 2018) (setting out the standard for reconsideration).

II. FACTS AND PROCEDURAL HISTORY

This matter was included as a Wave 8 case in the Ethicon MDL and was actively litigated by both parties pursuant to the Court's deadlines in PTO #280 and 303 until

Ethicon failed to make their expert disclosures on August 13, 2018 as required by *Ethicon Pretrial Order #303*. *See* Dkt. Nots. 24, 26, 27. Until this point the Plaintiffs served a PFS, served written discovery on Ethicon, responded to Ethicon's written discovery and served expert disclosures including a specific causation report not once, but twice. *See* Dkt. No. 29-30, 33, 37-1, ¶¶ 5, 9-10, 14-15, 22. Ethicon produced a DFS, served Plaintiffs with a PFS deficiency letter, served written discovery on Plaintiffs and responded to written discovery by Plaintiffs. *See* Dkt. No. 28, 31, 37-1, ¶¶ 13, 17-21.

On September 13, 2018, 30 days after the expert disclosure deadline had passed, Ethicon filed a scant, one and one-half page Motion to Extend the Expert Disclosure Deadline under Rule 16(b)(4) which states "a schedule may be modified ***only*** for good cause." *See Fed. R. Civ. P.* 16(b)(4). In this Motion, submitted without a declaration, affidavit, documents or evidentiary support of any kind, the only "good cause" asserted was Defendants' representation that "***[s]olely because*** this case was part of negotiations to resolve the matter, Defendants did not submit their expert disclosures by the Wave 8 deadline." Dkt. No. 35 at 1 (emphasis added).

On September 17, 2018, Plaintiffs filed an opposition and supporting evidence, that exposed the falsity of Ethicon's assertion that the *Shull* matter was in some kind of "settlement hold." Dkt. No. 37. This assertion was belied by the multiple communications between Ethicon and Plaintiffs' counsel wherein Ethicon was notified Shull was not a settled case, had declined the "take-it-or-leave-it" offer made in July 2017, and was an active Wave 8 case including on or about September 2017, February 2018, April 20, 2018, April 24-27, 2018 and May 23-24, 2018. *See* Dkt. No. 37-1, ¶¶ 5, 9-10, 14-15, 22, Exs. A, D (copies of the email communications between the parties). On September 21, 2018, the Court denied Ethicon's Motion. *See* Dkt. No. 41.

2

.

Ethicon then filed a Motion to Reconsider the Court's denial of its Motion for Extension (Dkt. No. 42), attempting to correct the procedural and substantive errors in the original motion. Despite expressly moving solely under *Fed. R. Civ. P.* 16(b)(4), Ethicon's Reconsideration Motion falsely states "Defendants filed their motion for an extension of their expert disclosure deadline under **Federal Rule of Civil Procedure 6(b)**." *See* Dkt. No. 42 at 1, 6. (emphasis added). The initial motion doesn't even mention Rule 6(b) and instead expressly moves under Rule 16(b)(4). *See* Dkt. No. 35.

Despite a multitude of legal and factual infirmities, on October 10, 2018, the Court vacated its earlier denial of Ethicon's Original Motion for Extension of Expert Deadline and instead granted it. *See* Dkt. No. 45. The Court denied Ethicon's Motion for Reconsideration as moot and further stated, "[f]or good cause shown the defendants' Motion for Extension of Expert Deadline … is GRANTED." *See* Dkt. No. 45. However, the Order did not provide an explanation of the "good cause" that is required in order for this relief to be granted. *See Fed. R. Civ. P.* 16(b)(4) (noting the schedule "may be modified **only** for good cause shown.") (emphasis added). Plaintiff now moves for reconsideration of the Court's grant of Ethicon's Motion to Extend.

III.   **ARGUMENT**

    A.   **Reconsideration Should Be Granted**

Reconsideration is appropriate when there is: (1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." *U.S. Tobacco Coop*, 899 F.3d at 257. Manifest injustice is "an error by the court that is direct, obvious, and observable." *Smith v. Waverly Partners, LLC*, 2011

3

WL 3564427, *3 (W.D.N.C. Aug. 12, 2011) (quoting *Register v. Cameron & Barkey Co.*, 481 F. Supp. 2d 479, 480 n.1 (D. S.C. 2007)). Here, the Court excused Ethicon from the Expert Disclosure deadline (1) under Rule 16(b)(4) when relief can only be sought under Rule 6(b)(1)(B) when the deadline at issue has already passed; (2) even though Ethicon did not even allege "excusable neglect" much less meet the burden of establishing by facts the deadline was missed due to "excusable neglect;" (3) despite Ethicon failing to provide facts to show good cause exists as the few facts alleged were not supported by documents, declaration or affidavit; (4) when the premise upon which the Motion was based – the case was on a settlement "stand-down" of some kind – was false. *See* Dkt. No. 35. Ethicon's Motion was both procedurally and factually infirm making the Court's grant of Ethicon's Motion for relief under 16(b)(4) "an error by the court that is direct, obvious and observable." *Register*, 481 F. Supp. 2d at 480 n.1.

**B.     The Court Committed Clear Error by Granting Ethicon's Motion Brought Under Rule 16(b)(4)**

Ethicon brought its Motion for Extension of Expert Deadlines solely under *Fed. R. Civ. P. 16(b)(4)* expressly stating "[t]he Court may extend a deadline set forth in a scheduling order upon a showing of good cause. **Fed. R. Civ. P. 16(b)(4)"** and "the touchstone of 'good cause' **under Rule 16(b)** is diligence." *See* Dkt. No. 35 at 1, 2 (citing *Marcum v. Zimmer*, 163 F.R.D. 250, 255 (S.D. W. Va. 1995) (emphasis added). The Motion did not even mention Rule 6(b)(1)(B), much less move for relief under this rule. Dk. No. 35. However, because Ethicon did not move to extend the expert disclosure deadlines until a month after those deadlines had passed, Rule 16(b)(4) is not an available mechanism to seek an extension. *See In re Ethicon*, 2016 WL 2643294, *1 (S.D. W. Va. May 6, 2016) (when a motion to extend is filed after the deadline to file has passed it falls

4

"within the ambit of Rule 6(1)(B)" and the "party must show he or she 'failed to act because of excusable neglect.'"); *see also Metro Life Ins. Co. v. Molina*, 2014 U.S. Dist. LEXIS 194250 (E.D.N.C. Oct. 27, 2014) (rather than Rule 16(b)(4) "[t]he more specific requirements of Rule 6(b)(1)(B) apply, however, where the deadline sought to be extended has already passed."). Relief should have been sought under Rule 6(b)(1)(B) as Ethicon sought the Extension a month after the deadline had passed.

Ethicon tried to cover-up this error in its Motion for Reconsideration by incorrectly representing that, "Defendants filed their motion for an extension of their expert disclosure deadline ***under Federal Rule of Civil Procedure 6(b)***." *See* Dkt. No. 42 at 6. This is false as nowhere in Ethicon's original one-and-one-half page motion is Rule 6(b)(1) even mentioned. *See* Dkt. No. 35. Irrespective, the Court denied Ethicon's Motion for Reconsideration as moot and instead granted Ethicon's initial Motion for Extension after vacating the original order denying it. *See* Dkt. No. 45. Ethicon's Motion for Extension, seeking relief under Rule 16(b)(4), was procedurally and legally infirm making the Court's grant of Ethicon's Motion "clear error."

**C.     The Court Committed Clear Error by Extending the Expert Disclosure Deadline When Defendants Never Established, or Even Alleged, "Excusable Neglect"**

In order to get relief from a deadline after it has passed, the movant must show both "good cause" and "excusable neglect." *Fed. R. Civ. P.* 6(b)(1)(B); *see also Agnew v. United Leasing Corp.*, 680 Fed. Appx. 149, 155 (4th Cir. 2017); *accord In re Ethicon, Inc.*, 2016 WL 2643294, at \*1. The uncontroverted facts show Defendants never even attempted to establish the existence of excusable neglect, as neither Rule 6(b) or the term "excusable neglect" are mentioned anywhere in the perfunctory motion. *See* Dkt. No. 35.

5

Under Rule 6(b)(1)(B), "*a party must show* he or she 'failed to act because of excusable neglect.'" *Ethicon*, 2016 WL 2643294 at *2 (emphasis added). Despite this, Ethicon offered no facts from which the Court could find the requisite excusable neglect. *See* Dkt. No. 35. And the Motion was completely unsupported by evidence as Defendants submitted no affidavit, declaration or documentary support of any kind. Dkt. No. 35. While Ethicon nakedly asserts the deadline was missed because the case was on a "settlement stand-down," this is insufficient to show excusable neglect even if the sheer falsity of this representation were ignored. *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd*, 507 U.S. 380, 395 (1993) (stating a determination of excusable neglect takes into account all relevant circumstances surrounding the party's omission.) Ethicon's naked assertion only goes to why the deadline was missed but not "how" which must be known to assess excusable neglect. *See Thompson*, 76 F.3d at 534 (noting one factor in assessing excusable neglect is whether the delay "was within the reasonable control of the movant and whether the movant acted in good faith."). Excusable neglect "is not easily demonstrated, nor was it intended to be." *Thompson*, 76 F.3d at 534; *accord Agnew*, 680 Fed. Appx. at 155. *Ethicon*, 2016 WL 2643294, at *1. Expert disclosure deadlines were well known, and Defendants adduced no evidence even suggesting they could not meet the Court's published disclosure deadlines. Dkt. No. 35 at 1-2; *see also Agnew*, 680 Fed. Appx. at 155 ("'run-of-the-mill inattentiveness by counsel' is not excusable neglect."). Granting Defendants' Motion even though it did not contain proof of this required element was a "direct, obvious and observable" error by the Court (*Register*, 481 F. Supp. 2d at 480 n.1) and justifies reconsideration.

### D. The Court Erred in Finding Good Cause Where No Evidence of Good Cause Was Presented

In granting Defendants' motion to extend the disclosure deadlines, the Court found "good cause shown" (Dkt. No. 45), but the defense produced absolutely no evidence to establish this with its moving papers. *See* Dkt. No. 35. Further, the sole, naked assertion of good cause by Defendants was simply false. *See* Dkt No. 37, 37-1. Rule 16(b)(4), as well as Rule 6(b)(1)(B), require the party requesting the extension to demonstrate by evidence that "good cause" exists to justify the extension. *Fed. R. Civ. P.* 16(b)(4); *see also Fed. R. Civ. P.* 6(b)(1)(B). According to the defense, Defendants failed to make a timely disclosure of experts solely because the *Shull* case was inactive and on "stand-down status due to negotiations between the parties." Dkt. No. 35 at 1. The *Shull* case was on anything but "stand-down status" since it was added to ordered worked-up. Plaintiffs' chronology of events, which unlike Defendants' original extension motion is supported by evidence, shows Defendants' statements such as the *Shull* case was in "stand-down" or *Shull* was "reactivated after the [expert disclosure] deadline" or *Shull* "was returned to active status in Wave 8" on September 4, 2018 (Dkt. No. 35 at 1), are false.

It strains credulity that Defendants ever thought *Shull* was on some "stand-down" given both Parties had actively litigated the case until Ethicon missed the August 13, 2018 deadline. Dkt. No. 37-1, ¶¶ 14-15. Defendants with no sign of any "stand-down" produced the DFS, served written discovery on Plaintiff and responded to Plaintiff's written discovery to Defendants. Dkt No. 37-1, ¶¶ 17-18, 20-21, 24; Dkt Nos. 28, 31, 33. Even if all the aforementioned "red flags" were ignored, Plaintiff served Defendants with expert disclosures including a specific causation report first on June 4, 2018 and then again on

7

July 13, 2018. Dkt. No. 30, 34; Dkt. No. 37-1, ¶ 26. This belies the existence of any "stand-down."

What cannot be ignored, however, is the multiple, direct discussions with defense counsel on the very question of the status of Shull regarding settlement in which defense was notified Shull was not a settled case, had declined the "take-it-or-leave-it" offer and was active Wave 8 case. *See* Dkt. No. 37-1, ¶¶ 5, 9-10, 14-15, 22. These discussions and written correspondence occurred on multiple occasions including on or about February 8, 2018, April 20, 2018, April 24-27, 2018 and May 23-24, 2018 with most of the April and May 2018 communications occurring via email which were attached to Plaintiff's initial opposition. *See* Dkt. No. 37-1, ¶¶ 5, 9-10, 14-15, 22. This included email correspondence with multiple members of defense counsel that *Shull* was not a settled case and Plaintiff intended to prosecute *Shull* in Wave 8. Dkt. No. 37-1, ¶¶ 10, 14-15, 22. These incontrovertible facts belie any argument of good cause or excusable neglect. See *Dent v. Montgomery County Police Dept.*, 745 F.Supp.2d 648, 663 (D. MD 2010); *see also Marcum*, 163 F.R.D. at 255 (stating, the "touchstone of 'good cause' under Rule 16(b) is diligence."). If the moving "party was not diligent, the inquiry should end." *Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D. W. Va. 1995).

The aforementioned, even if true, would not meet the "good cause" standard which "requires a party to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Cook v. Howard,* 484 Fed. Appx. 805, 819 (4th Cir. 2012) (quoting *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). As the Fourth Circuit explains,

> [I]n considering whether 'good cause' excuses compliance with a scheduling order deadline, the district court <u>must</u> examine whether the movant had been diligent … the court's focus is appropriately and necessarily on the

8

> movant's overall conduct of the case, and in particular what action led to missing the scheduling order's deadline.

*Cook*, 484 Fed. Appx. at 818-19 (emphasis original). No facts from which the Court can assess diligence were provided. No mention of how the case was allegedly moved to this "stand-down" status or what occurrence in July precipitated the case moving to "stand down" status. *See* Dkt. No. 35. The latter is particularly pertinent given the unusual timing of the move to "stand down" status, which was nine months after the "take-it-or-leave-it" offer was declined, approximately two months after Plaintiffs' counsel had several communications with Ethicon apprising them Shull was an active Wave 8 case, and only days after Plaintiffs had served their expert disclosures in Shull for the second time. *See* Dkt. No. 37, ¶¶ 14-15, 22, 30, 34; *see also Everhart v. Wash. Metro Area Transit Auth.*, 2012 U.S. Dist. LEXIS 174952, *6-7 (D. Md. Dec. 10, 2012) (noting that a party fails to establish "good cause when the movant fails to explain what circumstances prevented it from [meeting] … the original deadline.").

Ethicon submitted no declaration, affidavit or other evidentiary citations to support these assertions. This total absence of any documents or sworn statements in Ethicon's moving papers dooms the Motion. *See Fed. R. Civ. P.* 11 (requiring every motion contain evidentiary support); *see also Fed. R. Civ. P.* 16(b)(4) (order may be modified "only for good cause."). It's difficult to understand how the defense can prove diligence or "excusable neglect" without producing a single piece of evidence.

### IV. CONCLUSION

For the above reasons, Plaintiffs' Motion for Reconsideration is due to be granted. Defendants' Motion to Extend the Expert Disclosure Deadlines was facially invalid under

9

either *Fed. R. Civ. P.* 16(b)(4) or *Fed. R. Civ. P.* 6(b)(1)(B) making it legal error to grant it.

Date: December 24, 2018                    Respectfully Submitted,

/s/     Chris W. Cantrell

DOYLE LOWTHER LLP
Chris W. Cantrell (SBN 290874)
William J. Doyle (SBN 188069)
John A. Lowther (SBN 207000)
4400 NE 77th Avenue, Suite 275
Vancouver, WA 98662
(360) 818-9320 phone
(360) 450-3116 fax
email:   ccantrell@doylelowther.com
         bill@doylelowther.com
         john@doylelowther.com

*Attorneys for Plaintiff*

**Certificate Of Service**

I hereby certify on December 24, 2018, I electronically filed Plaintiff's Motion to Reconsider Order Granting Defendants' Motion for Extension of Expert Disclosure Deadline with the Clerk of the Court using the CM/ECF system which will send notification of this Motion to the CM/ECF participants registered to receive service in this MDL.

                                          Respectfully Submitted,

                                          /s/     Chris W. Cantrell

                                          DOYLE LOWTHER LLP
                                          Chris W. Cantrell, Esq.